# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-138V
(not to be published)

| | |
|---|---|
| KATHERINE MENSINGER *as Administrator of the* ESTATE OF THOMAS MENSINGER,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: June 14, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Steven K. Jambois*, Kralovec, Jambois and Schwartz, Chicago, IL, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 10, 2022, Katherine Mensinger, as the Administrator of the estate of Thomas Mensinger, deceased, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that the decedent suffered Guillain-Barre Syndrome and subsequent death on February 9, 2018, resulting from adverse effects of an influenza

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

vaccination received on November 11, 2017. Petition, ECF No. 1. On April 25, 2022, I issued a decision awarding compensation to Petitioner based on parties' stipulation. ECF No. 70.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $37,240.89 (representing $35,981.30 for attorney's fees and $1,259.59 for attorney's costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed May 5, 2023, ECF No. 75. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 75-5.

Respondent reacted to the motion on May 8, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 76 at 2-3. Petitioner did not file a reply thereafter.

Petitioner requests that I endorse hourly rates for attorney Steven K. Jambois and associate attorneys performing work in this matter as follows:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|
| Steven Jambois | $431 | $440 | $459 | $482 | $498 | $524 |
| Laurie Niego | $143 | $146 | $152 | $160 | $165 | $174 |

The hourly rates requested for work performed by associate attorney Laurie Niego are reasonable and shall therefore be adopted. Mr. Steven Jambois has been a licensed attorney since 1982, placing him in the range of attorneys with 31+ years' experience based on the OSM Attorney Fees Rate Schedule.[3] ECF No. 75-2. When determining the appropriate hourly rate within these ranges, I consider the additional factors set forth in *McCulloch*: experience in the Vaccine Program, overall legal experience, the quality of work performed, and reputation in the legal community and community at large. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). In light of Mr. Jambois experience, I find the requested hourly rates to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred). Furthermore, Petitioner has provided supporting documentation for all claimed costs (ECF No. 75-4), and Respondent offered no specific objection to the rates or amounts sought.

---

[3] These rates are derived from application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$37,240.89 (representing $35,981.30 for attorney's fees and $1,259.59 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Steven K. Jambois.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.